## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

| | |
|---|---|
| CAMEILLE BECKFORD<br>1335 Howell Street<br>Philadelphia, PA 19149 | :<br>:<br>: |
| | : |
| | :     Civil Action No.: _____ |
| | : |
| | :     **JURY TRIAL DEMANDED** |
|            Plaintiff, | : |
| | : |
|    v. | : |
| | : |
| ABINGTON CAREGIVERS, LLC<br>7804 Montgomery Avenue, Suite 5-6<br>Elkins Park, PA 19027 | :<br>:<br>: |
| | : |
|            Defendant. | : |

------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Cameille Beckford ("Plaintiff") hereby brings this action against Defendant Abington Caregivers, LLC ("Defendant"), and alleges, upon personal knowledge as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action contending that Defendant has unlawfully failed to pay her and other similarly-situated individuals employed in the position of Home Health Aid (collectively, "Class Plaintiffs") overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week but were not paid overtime compensation as required by the FLSA/PMWA in that Plaintiff

and Class Plaintiffs were/are not paid an overtime premium calculated at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

3.      As a result of Defendant's improper and willful failure to pay Plaintiff and Class Plaintiffs in accordance with the requirements of the FLSA/PMWA, Plaintiff and Class Plaintiffs have suffered damages.

4.      Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiffs state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

9.      Plaintiff Cameille Beckford is a citizen of the United States and Commonwealth of Pennsylvania, who currently resides at 1335 Howell Street, Philadelphia, PA 19149.

10.     Defendant Abington Caregivers, LLC is a business duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 7804 Montgomery Avenue, Suite 5-6, Elkins Park, PA 19027.

11.     Defendant is a "private employer" and covered by the FLSA.

12.     Plaintiff and Class Plaintiffs are employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

13.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

16.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Home Health Aid, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who are/were paid on an hourly basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice

of failing to compensate Plaintiff and Class Plaintiffs overtime compensation at 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek.  Plaintiff estimates that there are in excess of approximately fifteen (15) other similarly situated Home Health Aids who either are working or worked for Defendant, who are paid on an hourly basis, and who were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

17.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at 1.5 times their regular rate of pay.

18.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

19.     Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth herein.

20.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All persons presently or formerly employed by Defendant during the past three (3) years in the position of Home Health Aid, or in positions with substantially

4

similar job duties who were paid on an hourly basis, and denied overtime compensation at 1.5 times their regular rate of pay.

21.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

22.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiffs and Class Plaintiffs worked in excess of forty (40) hours per week;

B.     Whether Plaintiff and Class Plaintiffs are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

C.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiffs and Class Plaintiffs; and

D.     Whether Defendant failed to post to Plaintiff and Class Plaintiffs their employee rights protected under the PMWA in a conspicuous space for employees to readily read.

23.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflicts with the Class members.

24.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

25.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

26.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interest.

**FACTUAL BACKGROUND**

27.     Paragraphs 1 through 26 are hereby incorporated by reference as though the same were fully set forth at length herein.

6

28.     In or around August, 2021, Defendant hired Plaintiff in the position of Home Health Aid.

29.     Throughout the course of her employment with Defendant, Plaintiff performed her job well, receiving occasional praise, and no justifiable discipline.

30.     Plaintiff routinely worked over forty (40) hours per work week. Specifically, Plaintiff routinely worked approximately seventy (70) to eighty (80) hours per work week.

31.     However, regardless of the actual hours per week Plaintiff worked, she was not paid overtime compensation at a rate of 1.5 times her regular rate of pay for those hours worked in excess of forty (40) per work week.

32.     If Plaintiff worked either forty (40) hours or below forty (40) hours per work week, Plaintiff's paystubs would reflect the number of hours worked.

33.     However, when Plaintiff, as she regularly did, worked in excess of forty (40) hours per work week, Plaintiff's paystubs would not reflect the number of hours worked and would be left blank.

34.     On several occasions, Plaintiff requested from Defendant's Human Resources that she be provided paystubs and/or Defendant's time records which would reflect the number of hours Plaintiff worked in excess of forty (40).

35.     However, Defendant ignored Plaintiff's requests and did not provide Plaintiff with her requested information.

36.     In addition, Plaintiff inquired with Defendant's Fae Last Name Unknown ("Fae LNU") of Human Resources as to why she was not being paid overtime compensation.

37.     Fae LNU replied, stating "We cannot afford it."

38.     Upon information and belief, Defendant intentionally omitted the number of hours Plaintiff worked when Plaintiff's hours exceeded forty (40).

39.     By way of one such example, during the week of October 4, 2021, Plaintiff worked sixty (60) hours, but did not receive any overtime compensation for the approximately twenty (20) hours of overtime she worked that work week and when Plaintiff received her paystub for that pay period, Plaintiff's hours worked were listed as "0.00."

40.     Upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

41.     Upon information and belief, at all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for employees to readily read.

42.     The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA/PMWA.

43.     Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA. Plaintiff does not meet the duties of the executive exemption. Plaintiff did not have the authority to hire and/or fire other employees employed by Defendant, nor did Plaintiff customarily and regularly direct the work of two (2) or more full-time employees of Defendant. In addition, Plaintiff's primary job duties involved caring for her assigned clients, homemaking, and completing/assisting with various daily tasks their assigned clients might have and require.

44.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

45.     Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.  Plaintiff's primary duties did not include the performance of office and/or non-manual work directly related to the management or general business operations of Defendant. Additionally, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff primarily performed work with respect to her clients within specific guidelines and training by Defendant. Plaintiff did not have the authority to go beyond the guidelines and training set by Defendant with respect to her job duties.

46.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

47.     In addition to the above, Plaintiff did not receive a final paycheck from Defendant and has not been compensated any amount whatsoever for a full day of employment.

48.     Plaintiff has repeatedly attempted to follow-up with respect to not being paid, but each time Defendant has told Plaintiff that her paycheck is in the mail and has subsequently refused to take Plaintiff's phone calls.

49.     Accordingly, at all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over forty (40) in a work week.

50.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## **Facts Pertaining to the Collective/Class Claims**

51.     Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52.     In their capacity as Caregivers, Plaintiff and Class Plaintiffs primary job responsibilities include caring for their assigned clients, homemaking, and completing/assisting with various daily tasks their assigned clients might have and require.

53.     Plaintiff and Class Plaintiffs are compensated on an hourly basis to perform the aforementioned responsibilities.

54.     Plaintiff and Class Plaintiffs routinely worked in excess of forty (40) hours per work week.

55.     Despite the fact that Plaintiff and Class Plaintiffs routinely worked in excess of forty (40) hours per work week, Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) hours per work week.

56.     Plaintiff and Class Plaintiffs was/are, within the meaning of the FLSA/PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours worked over forty (40) per work week.

57.     At all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for employees to readily read.

58.     The aforementioned policies and practices of Defendant violate the FLSA/PMWA.

59.     As a result of Defendant's illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

60. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were fully set forth at length herein.

61. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

62. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

63. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs have worked in excess of forty (40) hours per workweek. Despite working in excess of forty (40) hours per week, Plaintiff and Class Plaintiffs are/were denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour Plaintiff and Class Plaintiffs worked in excess of forty (40) hours in a workweek.

64. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

65. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

66. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the position of Caregiver or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were/are denied overtime compensation for all hours worked over forty (40) in a workweek, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for the work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.     Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.     For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

67.     Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

69.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

70.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

71.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.       An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B.       An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.       An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Andrew J. Schreiber
    Andrew J. Schreiber, Esq.
    Michael Murphy, Esq.
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    aschreiber@phillyemploymentlawyer.com
    murphy@phillyemploymentlawyer.com
    *Attorney for Plaintiff*

**Dated:** April 1, 2022

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.